IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24–20–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| LYDIA ELVERA DELGADO, | |
| Defendant. | |

Before the Court is Defendant Lydia Elvera Delgado's Unopposed Motion to Permit Continued and Progressive Inpatient Treatment. (Doc. 67.) The Motion does not indicate whether Defendant has been accepted into Crosswinds Recovery Living Program, or whether Defendant has an actual bed date at Ignatia's House Sober Living Program.

Accordingly, IT IS ORDERED that the Motion (Doc. 67) is DENIED WITHOUT PREJUDICE. The Court will consider a renewed motion accompanied by an acceptance letter from either facility.

IT IS FURTHER ORDERED that the following conditions of release previously imposed by this Court (Doc. 17) are REIMPOSED:

1. Defendant must not commit any offense in violation of federal, state, local or tribal law while on release in this case.

2. Defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

3. Defendant must advise the Court or the pretrial services officer in writing before making any change of residence or telephone number.

4. Defendant must appear in Court as required and, if convicted, must surrender as directed to serve a sentence that the Court may impose.

5. Defendant must sign an Appearance Bond, if ordered.

6. Defendant must submit to supervision by, and report to, Pretrial Services at such times and in such manner as designated by the Officer.

7. Defendant must surrender to the Pretrial Services Officer any passport and/or passport card or other international travel document.

8. Except upon prior approval of the Pretrial Services Officer, the Defendant's travel is restricted to the State of California and the District of Montana for court purposes only.

9. Defendant shall not have contact with or harass, threaten, intimidate, tamper with, improperly influence, or injure the person or property of witnesses, coconspirators, jurors, informants, victims of crime, judicial officers, or other persons related to official proceedings before the Court, in violation of 18 U.S.C. §§ 1503, 1512, and 1513.

10. Defendant must not possess a firearm, destructive device, or other weapon.

11. Defendant must not use alcohol.

12. Defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.

13. Defendant must submit to substance abuse testing to include not more than 180 urinalysis tests, not more than 180 breathalyzer tests, and not more than 36 sweat patch applications annually.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and any form of prohibited substance

screening or testing. Defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Defendant shall pay all costs associated with the program, unless the Pretrial Services Officer determines Defendant is financially unable to pay.

14. Defendant must participate in substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The Pretrial Services Officer will obtain the authorization of the Court before requiring residential or inpatient treatment pursuant to this condition. The Pretrial Services Officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The program may include urinalysis testing to determine if you have used drugs or alcohol. Defendant must not attempt to obstruct or tamper with the testing methods. Defendant must pay part or all of the costs of this treatment as directed by the Pretrial Services Officer.

15. Defendant must not be in the presence of individuals using controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner, to include methamphetamine, heroin, marijuana, and PCP.

16. Defendant must participate in a program of mental health treatment and/or evaluation, therapy and counseling if directed by the Pretrial Services Officer.

17. Defendant must maintain contact with their attorney.

DATED this 27th day of August, 2024.

_____
Dana L. Christensen, District Judge
United States District Court